IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-818-RGA |
| DEPUTY ATTORNEY GENERALS V. FARNAN, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware.   Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 4, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on June 17, 2020.  (D.I. 2).  The Court proceeds to review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

This is yet another lawsuit Plaintiff has filed following an involuntary hospitalization in November 2017.  This time, Plaintiff has named as defendants three Deputy Attorneys General for the State of Delaware – Valerie Farnan, Monica Horton, and Loren Holland.  The allegations surround Plaintiff's involuntary hospitalization for mental illness and subsequent hearings.  Plaintiff alleges that he was involuntarily committed to Rockford Center in November 2017.  (D.I. 2 at 2).  A hearing was held in January 2018 following his discharge in late November.  (*Id.* at 3).  Deputy AG Farnan represented the State.  (*Id.*).  Plaintiff attended a hearing in February 2018 and, since then, hearings have been held every three months.  (*Id.* at 3).  To date, court-ordered mental health treatment and medication has continued over Plaintiff's objection.  (*Id.* at 3).

Plaintiff alleges that at the hearings the State was represented by either Deputy AG Farnan, Deputy AG Horton, or Deputy AG Holland.  (*Id.* at 4).  He alleges that in representing the State, the Deputy AGs have sought to continue the order for Plaintiff's treatment and medications.  (*Id.*).  The Complaint goes into great detail about the events that led to Plaintiff's involuntary hospital hospitalization, treatment since that time, side effects from medication, and multiple court hearings.  It also provides

1

excerpts from court hearings held on August 23, 2019 and February 28, 2020.   (*Id*. at 25).

    Count 1 alleges cruel and unusual punishment by showing deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States (*id*. at 29); Count 2 alleges violation of the First Amendment when Defendants continued to punish Plaintiff for identifying the crime of identity theft by aiding the first responders who arrested Plaintiff (*id*. at 31); Count 3 alleges violations of the right to bear arms under the Second Amendment (*id*. at 33); Count 4 alleges that Plaintiff was subjected to an unreasonable search and seizure in violation of the Fourth Amendment (*id*. at 34); and Counts 5 and 6 allege negligence (*id.* at 35).   He seeks twenty million dollars in compensatory damages.

## LEGAL STANDARDS

    A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."   *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

    A complaint is not automatically frivolous because it fails to state a claim.   *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112

(3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003); *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S.

3

10 (2014).   A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.   See id. at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process:   (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.   See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016); Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   Id.

## DISCUSSION

This case is the second one in which Plaintiff has sued Deputy AG Farnan over the involuntary commitment proceedings.   See Jones v. Howard, 2018 WL 6039974 (D. Del. Nov. 19, 2018), aff'd, 779 F. App'x 151 (3d Cir. 2019).   The claims against her were dismissed based upon prosecutorial immunity.   (See id.).   The same analysis applies here.   Indeed, all Defendants are immune from suit.

As is well established, prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions, see Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008), and prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under 42 U.S.C. § 1983, see Imbler v. Pachtman, 424 U.S. 409, 410 (1976).   This immunity extends to

4

Defendants for actions taken by them while representing the State in the civil commitment matter and subsequent hearings. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008); *Cornejo v. Bell*, 592 F.3d 121, 127-28 (2d Cir. 2010) (absolute immunity extended to state and federal officials initiating noncriminal proceedings such as administrative proceedings and civil litigation); *Smith v. Shorstein*, 217 F. App'x 877 (11th Cir. 2007) (per curiam) (prosecutors who initiated confinement of state prisoner under Involuntary Civil Commitment of Sexually Violent Predators Act were entitled to absolute prosecutorial immunity); *Roache v. Attorney Gen.'s Office*, 2013 WL 5503151, at *13-14 (N.D.N.Y. Sept. 30, 2013) (attorneys from the New York State Attorney General's Office who commenced civil commitment proceeding pursuant to Mental Health Law entitled to prosecutorial immunity).

Defendants were acting in their capacities as attorneys in representing the State of Delaware during numerous court hearings. They are immune from suit, and the claims against them have no legal merit. Because Defendants are immune from suit, the Court will not address each specific count other than to note that each count is legally deficient. The Complaint will be dismissed and amendment is futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous and based upon Defendants' immunity from suit pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

An appropriate order will be entered.